UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TAMMY WILKINSON, et al | CIVIL ACTION NO. 14-0917 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| UNITED STATES | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is the government's unopposed 12(b)(1) motion to dismiss, doc. 6, referred to me for Report and Recommendation. The motion seeks to dismiss this Federal Tort Claims Act (FTCA) claim for defamation for lack of exhaustion of administrative remedies and because the government has not waived sovereign immunity for intentional tort claims.

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may base its disposition of a motion to dismiss under Rule 12(b)(1)on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Comms., Inc., 117 F. 3d 900 (5th Cir. 1997).

As the government points out in its to-the-point and extremely well-written brief, courts lack subject matter jurisdiction and must dismiss FTCA actions that are instituted before the administrative remedies are exhausted under 28 USC §2675(a). See Life Partners Inc. V. U.S., 650 F.3d 1026, 1029 (5th Cir. 2011); Flory v. United States, 138 F.3d 157, 158 (5th Cir. 1998). In this case, as the declaration attached to the motion shows, an administrative remedy procedure was not instituted by plaintiffs.

Further, because defamation is an intentional act under Louisiana law and intentional torts fall within the exception to the FTCA's waiver of sovereign immunity, this court has no jurisdiction over the claim. See 28 U.S.C §2680(h) referring to libel and slander. The exclusion has, however, been held applicable to defamation claims. Edmonds v. United States, 436 F. Supp. 2d (D.D.C. 2006). Indeed, slander is simply spoken defamation and libel is written defamation.

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss be GRANTED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 7th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE